E-FILED IN OFFICE - H
CLERK OF STATE COUR
GWINNETT COUNTY, GEORGI
**22-C-02612-S**
**5/10/2022 9:16 PM**
TIANA P. GARNER, CLER

### IN THE STATE COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

**Keisha Smith**

_____

_____

_____

PLAINTIFF

CIVIL ACTION
NUMBER:_____   22-C-02612-S3

VS.

**Target Corporation,**
**ABC Corporation and**
**John Doe**

_____

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Attorney Michael Ivan-Ivan Law Firm, PC
PO Box 682765, Marietta, GA 30068
Phone (770) 729-4773, Fax (404) 935-0641
Email: mivanlaw@yahoo.com

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.

11th day of May, 2022

Tiana P. Garner
Clerk of State Court

By_____
Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

**Exhibit
A**

E-FILED IN OFFICE - PI
CLERK OF STATE COUR
GWINNETT COUNTY, GEORGI
**22-C-02612-S**
**5/10/2022 9:16 PI**
TIANA P. GARNER, CLER

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| KEISHA SMITH, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action File #  22-C-02612-S3 |
| | * | |
| TARGET CORPORATION, D/B/A | * | |
| TARGET, a Minnesota Profit Company, | * | |
| ABC Corporation, John Doe, a person, | * | |
| | * | |
| | * | |
| Defendants. | * | |

## **COMPLAINT**

Plaintiff brings this Complaint against the above-named Defendants, and shows to the Court:

## **PARTIES AND JURISDICTION**

1.

Defendant Target Corporation d/b/a Target (hereinafter referred to as "Target") is a Minneapolis Corporation doing business in Georgia, including Gwinnett County, has its registered agent in Gwinnett County, Georgia, and is subject to the jurisdiction of this Court.

2.

Defendant Target can be served through its registered agent C T Corporation System located at 289 S Culver Street, Lawrenceville, GA 30046.

3.

Venue is proper as to Defendant Target.

4.

Defendant John Doe is an employee working for one of the named Defendants.

5.

Defendant John Doe can be served once his/her identity is known.

6.

Venue is proper as to Defendant John Doe.

7.

ABC Corp. is an unknown entity authorized to conduct business in Georgia.

8.

ABC Corp. is a corporation, PA, LLC, LLP, partnership and/or sole practitioner.

9.

Venue is as to proper as to ABC Corp.

10.

With respect to any Defendants who are foreign and/or out-of-state entities of any kind, there is a direct nexus between them conducting business that involved the State of Georgia, and the incident, which is the subject of this action, thereby making them subject to the jurisdiction of this Honorable Court pursuant to O.C.G.A. § 9-10-91.

## STATEMENT OF FACTS

11.

On or around June 23, 2020, Plaintiff Keisha Smith was shopping at the Target store, which has an address of 107 Pavilion Parkway, Fayetteville, GA 30214 (hereafter "the Store ").

12.

While walking through the baby department of the store, Plaintiff Keisha Smith slipped and fell on the tile floor after having walked over a carpeted area, that was left by one of the Defendants.

13.

There were no warning signs in the area where Plaintiff slipped and fell.

14.

Plaintiff Keisha Smith suffered injuries due to this incident.

15.

One or more of the named Defendants, ABC Corporation, and/or John Doe either by themselves, in conjunction with one or more of the other Defendants, was responsible for maintaining and cleaning the area where Plaintiff slipped and fell.

16.

Defendant ABC CORPORATION functions as a parent, subcontractor, and/or subsidiary of one or more of the other Defendants.

## **NEGLIGENCE/LIABILITY**

17.

Plaintiff Keisha Smith was a business invitee at the time of the incident as she was there to purchase items from one, some, or all of the Defendants' Store at the time.

18.

One, some, or all of the Defendants, by and through its employees while working within the course and scope of their employment, owed Plaintiff Keisha Smith, as it did all of its customers, a duty to exercise ordinary care with respect to the condition of the facilities so as not to create dangerous conditions for customers using the facilities for their regular and intended use.

19.

By leaving part of the carpet wet near the tile floor in the baby department, which caused Plaintiff Keisha Smith's fall, one, some, or all of the Defendants, by and through its employees acting within the course and scope of their employment, breached that duty.

20.

One, some, or all of the Defendant's breach is the sole and proximate cause of the incident which makes up the subject of this litigation, and, therefore, the sole and proximate cause of the injuries and damages Plaintiff suffered due to the incident.

21.

One, some, or all of the Defendants, by and through its employees while working within the course and scope of their employment, owed Plaintiff Keisha Smith, as it did all of its customers, a duty to maintain their floors in a way which would make them safe for customers using the facilities for their regular and intended use.

22.

By failing to clean the wet carpet about which it had actual knowledge, one, some, or all of the Defendants, by and through its employees acting within the course and scope of their employment, breached that duty.

23.

One, some, or all of the Defendants' breach is the sole and proximate cause of the incident which makes up the subject of this litigation, and, therefore, the sole and proximate cause of the injuries and damages Plaintiff suffered due to the incident.

24.

One, some, or all of the Defendants, by and through its employees while working within the course and scope of their employment, owed Plaintiff Keisha Smith, as it did all of its customers, a duty to maintain their floors in a way which would make them safe for customers using the facilities for their regular and intended use.

25.

By failing to clean the wet carpet about which it had constructive knowledge, one, some, or all of the Defendants, by and through its employees acting within the course and scope of their employment, breached that duty.

26.

One, some, or all of the Defendants' breach is the sole and proximate cause of the incident which makes up the subject of this litigation, and, therefore, the sole and proximate cause of the injuries and damages Plaintiff suffered due to the incident.

27.

One, some, or all of the Defendants, by and through its employees while working within the course and scope of their employment, owed Plaintiff Keisha Smith, as it did all of its customers, a duty to warn their customers of dangerous conditions about which it had actual knowledge.

28.

By failing to put out warnings, or take some other similar measures, to customers about the wet floor in question, in the area where Plaintiff fell, one, some, or all of the Defendants, by and through its employees acting within the course and scope of their employment, breached that duty.

29.

One, some, or all of the Defendants' breach is the sole and proximate cause of the incident which makes up the subject of this litigation, and, therefore, the sole and proximate cause of the injuries and damages Plaintiff suffered due to the incident.

30.

One, some, or all of the Defendants, by and through its employees while working within the course and scope of their employment, owed Plaintiff Keisha Smith, as it did all of its customers, a duty to warn their customers of dangerous conditions about which it had constructive knowledge.

31.

By failing to put out warnings, or take other similar measures, to customers about the wet floor in question, one, some, or all of the Defendants, by and through its employees acting within the course and scope of their employment, breached that duty.

32.

One, some, or all of the Defendants' breach is the sole and proximate cause of the incident which makes up the subject of this litigation, and, therefore, the sole and proximate cause of the injuries and damages Plaintiff suffered due to the incident.

33.

One, some, or all of the Defendants, by and through its employees while working within the course and scope of their employment, owed Plaintiff Keisha Smith, as it did all of its customers, a duty to routinely check the floors so as to discover dangerous conditions that could then be remedied.

34.

By failing to do routine checks of the floors on the date in question, one, some, or all of the Defendants, by and through its employees acting within the course and scope of their employment, breached that duty.

35.

One, some, or all of the Defendants' breach is the sole and proximate cause of the incident which makes up the subject of this litigation, and, therefore, the sole and proximate cause of the injuries and damages Plaintiff suffered due to the incident.

36.

All Defendants are responsible for the actions and/or omissions and/or inactions of employees, agents or any other person acting on its behalf including, but not limited to, Defendant John Doe.

37.

One, some, or all of the Defendants had a duty to properly train its employees so that those employees were maintaining and cleaning the floors in a safe manner so as to avoid injury to its customers while they were acting in a reasonable and foreseeable manner.

38.

One, some, or all of the Defendants breached that duty by failing to properly train its employees as stated in Count 37.

39.

One, some, or all of the Defendants' breach is the sole and proximate cause of the incident which makes up the subject of this litigation, and, therefore, the sole and proximate cause of the injuries and damages Plaintiff suffered due to the incident.

40.

One, some, or all of the Defendants had a duty to exercise ordinary care in the hiring and firing of its employees to ensure to its customers that those helping them and working in the Store were competent to do so.

41.

One, some, or all of the Defendants breached that duty by hiring and/or not firing employees who were involved in the incident which makes up the subject of this litigation.

42.

One, some, or all of the Defendants' breach is the sole and proximate cause of the incident which makes up the subject of this litigation, and, therefore, the sole and proximate cause of the injuries and damages Plaintiff suffered due to the incident.

43.

One, some, or all of the Defendants, by and through their employees while working within the course and scope of their employment, had a duty to keep the floors free of hazards in manner that was safe for customers using the Store at the time in a foreseeable manner.

44.

By leaving the carpet wet, and without warning, one, some, or all of the Defendants breached that duty.

45.

One, some, or all of the Defendants' breach is the sole and proximate cause of the injuries and damages Plaintiff suffered due to this incident.

46.

One, some, or all of the Defendants had a duty to properly train its employees in how to perform cleaning work to make sure that the results of the work are safe for the intended use of the building.

47.

By failing to properly train their employees to safely do the cleaning work on the floors in a manner that was safe for customers using the Store in a foreseeable manner, one, some, or all of the Defendants breached that duty.

48.

One, some, or all of the Defendants' breach is the sole and proximate cause of the injuries and damages Plaintiff suffered due to this incident.

49.

Defendant ABC Corporation is responsible for the actions and/or omissions and/or inactions of employees, agents or any other person acting on its behalf including, but not limited to, Defendant John Doe.

50.

Defendant(s) committed other acts of negligence, which are both known and unknown at this time, which resulted in injury to Plaintiff Keisha Smith.

51.

Defendant(s) committed other omissions, which are both known and unknown at this time, which resulted in injury to Plaintiff Keisha Smith.

**INJURIES AND SPECIAL DAMAGES**

52.

As a result of Defendants' negligence, Plaintiff Keisha Smith suffered injuries requiring medical treatment.

53.

Plaintiff Keisha Smith's past medical expenses are as follows:

| | |
|---|---|
| Primary Medical Care | $   340.00 |
| Spine & Orthopedic Center | $ 6,776.47 |
| Benchmark | $ 1,547.50 |
| Allegiance Imaging and Radiology | $ 2,352.00 |
| Lost Wages | to be supplemented |

*Plaintiff reserves the right to supplement additional damages, including medical expenses and lost wages.

54.

Plaintiff Keisha Smith's future medical expenses and lost wages are in an amount yet to be determined.

55.

Plaintiff Keisha Smith's permanent disability is yet to be determined.

56.

As a result of Defendants' negligence, Plaintiff Keisha Smith suffered serious personal injury, including, but not limited to, medical expenses, past and present, as well as, physical and mental pain and suffering and lost wages.

WHEREFORE, Plaintiff prays:

1)   That Defendants be served with summons, process and a copy of this Complaint as provided by law;

2)   That Plaintiff obtain judgment against Defendants for special and general damages, past and future, including pain and suffering, as determined at trial as well as attorney fees, costs of litigation and expenses in an amount to be determined by a jury;

3)   For such other and further relief as this Court deems just and equitable.

Respectfully submitted this 10th day of May 2022.

_____*Michael J. Ivan*__
Michael J. Ivan
Ga. Bar #: 385115
Attorney for Plaintiff

Ivan Law Firm, P.C.
P.O. Box 682765
Marietta, GA  30068
Phone (770) 729-4773
Fax (404) 935-0641
mivanlaw@yahoo.com

E-FILED IN OFFICE - AK
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-02612-S3**

**6/13/2022 4:26 PM**

**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| KEISHA SMITH, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION NO. |
| | ) 22-C-02612-S3 |
| v. | ) |
| | ) |
| TARGET CORPORATION, D/B/A | ) |
| TARGET, a Minnesota Profit Company, | ) |
| ABC Corporation, John Doe, a person, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANT TARGET CORPORATION'S
## ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW, Target Corporation, by and through its undersigned counsel, and files this

Answer to Plaintiff's Complaint ("Plaintiff's Complaint"), as follows:

### FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted, and this Defendant

raises the O.C.G.A. § 9-11-12(b)(6) defense of failure to state a claim accordingly.

### SECOND DEFENSE

This Defendant denies any contention that it was negligent and further denies that any act

or omission on the part of this Defendant proximately caused the contended incident at issue or

the alleged damages of the Plaintiff.

### THIRD DEFENSE

This Defendant denies any contention that it was reckless or wanton in any manner and

further denies that any act or omission on the part of this Defendant proximately caused or

contributed to the contended incident at issue or the alleged damages of Plaintiff.

**FOURTH DEFENSE**

This Defendant did not breach any legal duty owed to Plaintiff, and at all times this Defendant exercised that degree of care required by law.

**FIFTH DEFENSE**

This Defendant did not have actual or constructive knowledge of any alleged potentially hazardous, or allegedly hazardous condition at any time relevant to the incident at issue, as alleged by Plaintiff, and at all times this Defendant exercised that degree of care required by law.

**SIXTH DEFENSE**

This Defendant did not have superior knowledge of any alleged potentially hazardous, or allegedly hazardous condition at any time relevant to the incident at issue, as alleged by Plaintiff, and at all times this Defendant exercised that degree of care required by law.

**SEVENTH DEFENSE**

This Defendant asserts the O.C.G.A. § 9-11-8 defense of contributory negligence and assumption of the risk.

**EIGHTH DEFENSE**

In the event it is determined that Plaintiff is entitled to recover against this Defendant, which is denied, Plaintiff's recovery should be reduced in proportion to the degree or percentage of negligence or fault attributable to Plaintiff or any designated non-party pursuant to O.C.G.A. § 51-12-33.

**NINTH DEFENSE**

Some or all of the injuries and damages alleged in Plaintiff's Complaint were or may have been enhanced or increased by Plaintiff's failure to mitigate.

## TENTH DEFENSE

Plaintiff has failed to allege special damages with particularity.

## ELEVENTH DEFENSE

This Defendant reserves the right to assert any additional affirmative defenses as may be disclosed during the course of additional investigation, research and/or discovery.

## TWELFTH DEFENSE

This Defendant demands a jury of twelve impartial persons.

## THIRTEENTH DEFENSE

Plaintiff's injuries were caused by her failure to keep a proper lookout for an open and obvious condition.

## FOURTEENTH DEFENSE

In response to the individually numbered paragraphs contained in the Plaintiff's Complaint, this Defendant responds as follows:

## PARTIES AND JURISDICTION

1.

In responding to the allegations contained in Paragraph 1 of Plaintiff's Complaint, said allegations are admitted.

2.

In responding to the allegations contained in Paragraph 2 of Plaintiff's Complaint, said allegations are admitted.

3.

In responding to the allegations contained in Paragraph 3 of Plaintiff's Complaint, said allegations are admitted.

4.

In responding to the allegations contained in Paragraph 4 of Plaintiff's Complaint, said allegations can be neither admitted nor denied for want of sufficient information to form a belief of the truth of the averments therein.

5.

In responding to the allegations contained in Paragraph 5 of Plaintiff's Complaint, said allegations can be neither admitted nor denied for want of sufficient information to form a belief of the truth of the averments therein.

6.

In responding to the allegations contained in Paragraph 6 of Plaintiff's Complaint, said allegations can be neither admitted nor denied for want of sufficient information to form a belief of the truth of the averments therein.

7.

In responding to the allegations contained in Paragraph 7 of Plaintiff's Complaint, said allegations can be neither admitted nor denied for want of sufficient information to form a belief of the truth of the averments therein.

8.

In responding to the allegations contained in Paragraph 8 of Plaintiff's Complaint, said allegations can be neither admitted nor denied for want of sufficient information to form a belief of the truth of the averments therein.

9.

In responding to the allegations contained in Paragraph 9 of Plaintiff's Complaint, said allegations can be neither admitted nor denied for want of sufficient information to form a belief of the truth of the averments therein.

10.

In responding to the allegations contained in Paragraph 10 of Plaintiff's Complaint, said allegations can be neither admitted nor denied for want of sufficient information to form a belief of the truth of the averments therein.

## **STATEMENT OF FACTS**

Defendant hereby reasserts all defenses and responses contained in its responses to Paragraphs 1 through 10 of Plaintiff's Complaint as if fully set forth herein.

11.

In responding to the allegations contained in Paragraph 11 of Plaintiff's Complaint, said allegations can be neither admitted nor denied for want of sufficient information to form a belief of the truth of the averments therein.

12.

In responding to the allegations contained in Paragraph 12 of Plaintiff's Complaint, said allegations can be neither admitted nor denied for want of sufficient information to form a belief of the truth of the averments therein.

13.

In responding to the allegations contained in Paragraph 13 of Plaintiff's Complaint, said allegations can be neither admitted nor denied for want of sufficient information to form a belief of the truth of the averments therein.

14.

In responding to the allegations contained in Paragraph 14 of Plaintiff's Complaint, said allegations can be neither admitted nor denied for want of sufficient information to form a belief of the truth of the averments therein. To the extent said allegations infer or allege negligence, such allegations are denied.

.

15.

In responding to the allegations contained in Paragraph 15 of Plaintiff's Complaint, said allegations can be neither admitted nor denied for want of sufficient information to form a belief of the truth of the averments therein.

16.

In responding to the allegations contained in Paragraph 16 of Plaintiff's Complaint, said allegations can be neither admitted nor denied for want of sufficient information to form a belief of the truth of the averments therein.

## **NEGLIGENCE/LIABILITY**

Defendant hereby reasserts all defenses and responses contained in its responses to Paragraphs 1 through 16 of Plaintiff's Complaint as if fully set forth herein

17.

In responding to the allegations contained in Paragraph 17 of Plaintiff's Complaint, said allegations can be neither admitted nor denied for want of sufficient information to form a belief of the truth of the averments therein.  To the extent said allegations infer or allege negligence against this Defendant, said allegations are denied.

18.

In responding to the allegations contained in Paragraph 18 of Plaintiff's Complaint, said allegations can be neither admitted nor denied for want of sufficient information to form a belief of the truth of the averments therein.  To the extent said allegations infer or allege negligence against this Defendant, said allegations are denied.

19.

In responding to the allegations contained in Paragraph 19 of Plaintiff's Complaint, said allegations are denied.

20.

In responding to the allegations contained in Paragraph 20 of Plaintiff's Complaint, said allegations are denied.

21.

In responding to the allegations contained in Paragraph 21 of Plaintiff's Complaint, said allegations can be neither admitted nor denied for want of sufficient information to form a belief of the truth of the averments therein.  To the extent said allegations infer or allege negligence against this Defendant, said allegations are denied.

22.

In responding to the allegations contained in Paragraph 22 of Plaintiff's Complaint, said allegations are denied.

23.

In responding to the allegations contained in Paragraph 23 of Plaintiff's Complaint, said allegations are denied.

24.

In responding to the allegations contained in Paragraph 24 of Plaintiff's Complaint, said allegations can be neither admitted nor denied for want of sufficient information to form a belief of the truth of the averments therein.  To the extent said allegations infer or allege negligence against this Defendant, said allegations are denied.

25.

In responding to the allegations contained in Paragraph 25 of Plaintiff's Complaint, said allegations are denied.

26.

In responding to the allegations contained in Paragraph 26 of Plaintiff's Complaint, said allegations are denied.

27.

In responding to the allegations contained in Paragraph 27 of Plaintiff's Complaint, said allegations can be neither admitted nor denied for want of sufficient information to form a belief of the truth of the averments therein.  To the extent said allegations infer or allege negligence against this Defendant, said allegations are denied.

28.

In responding to the allegations contained in Paragraph 28 of Plaintiff's Complaint, said allegations are denied.

29.

In responding to the allegations contained in Paragraph 29 of Plaintiff's Complaint, said allegations are denied.

30.

In responding to the allegations contained in Paragraph 30 of Plaintiff's Complaint, said allegations can be neither admitted nor denied for want of sufficient information to form a belief of the truth of the averments therein.  To the extent said allegations infer or allege negligence against this Defendant, said allegations are denied.

31.

In responding to the allegations contained in Paragraph 31 of Plaintiff's Complaint, said allegations are denied.

32.

In responding to the allegations contained in Paragraph 32 of Plaintiff's Complaint, said allegations are denied.

33.

In responding to the allegations contained in Paragraph 33 of Plaintiff's Complaint, said allegations are denied as stated.

34.

In responding to the allegations contained in Paragraph 34 of Plaintiff's Complaint, said allegations are denied.

35.

In responding to the allegations contained in Paragraph 35 of Plaintiff's Complaint, said allegations are denied.

36.

In responding to the allegations contained in Paragraph 36 of Plaintiff's Complaint, said allegations are admitted insofar as Defendant admits responsibility for its employees working within the scope of their employment. To the extent said allegations infer or allege negligence against this Defendant, said allegations are denied.

37.

In responding to the allegations contained in Paragraph 37 of Plaintiff's Complaint, said allegations can be neither admitted nor denied for want of sufficient information to form a belief of the truth of the averments therein.  To the extent said allegations infer or allege negligence against this Defendant, said allegations are denied.

38.

In responding to the allegations contained in Paragraph 38 of Plaintiff's Complaint, said allegations are denied.

39.

In responding to the allegations contained in Paragraph 39 of Plaintiff's Complaint, said allegations are denied.

40.

In responding to the allegations contained in Paragraph 40 of Plaintiff's Complaint, said allegations are denied as stated.

41.

In responding to the allegations contained in Paragraph 41 of Plaintiff's Complaint, Defendant denies it breached a duty. To the extent said allegations infer or allege negligence against this Defendant, said allegations are denied. The remaining allegations can be neither admitted nor denied for want of sufficient information to form a belief of the truth of the averments therein.

42.

In responding to the allegations contained in Paragraph 42 of Plaintiff's Complaint, said allegations are denied as stated.

43.

In responding to the allegations contained in Paragraph 43 of Plaintiff's Complaint, said allegations can be neither admitted nor denied for want of sufficient information to form a belief of the truth of the averments therein.  To the extent said allegations infer or allege negligence against this Defendant, said allegations are denied.

44.

In responding to the allegations contained in Paragraph 44 of Plaintiff's Complaint, said allegations are denied.

45.

In responding to the allegations contained in Paragraph 45 of Plaintiff's Complaint, said allegations are denied.

46.

In responding to the allegations contained in Paragraph 46 of Plaintiff's Complaint, said allegations are denied as stated.

47.

In responding to the allegations contained in Paragraph 47 of Plaintiff's Complaint, said allegations are denied.

48.

In responding to the allegations contained in Paragraph 48 of Plaintiff's Complaint, said allegations are denied.

49.

In responding to the allegations contained in Paragraph 49 of Plaintiff's Complaint, said allegations can be neither admitted nor denied for want of sufficient information to form a belief of the truth of the averments therein. To the extent said allegations infer or allege negligence against this Defendant, said allegations are denied.

50.

In responding to the allegations contained in Paragraph 50 of Plaintiff's Complaint, said allegations are denied.

51.

In responding to the allegations contained in Paragraph 51 of Plaintiff's Complaint, said allegations are denied.

## **INJURIES AND SPECIAL DAMAGES**

Defendant hereby reasserts all defenses and responses contained in its responses to Paragraphs 1 through 51 of Plaintiff's Complaint as if fully set forth herein.

52.

In responding to the allegations contained in Paragraph 52 of Plaintiff's Complaint, said allegations are denied.

53.

In responding to the allegations contained in Paragraph 53 of Plaintiff's Complaint, said allegations are denied.

54.

In responding to the allegations contained in Paragraph 54 of Plaintiff's Complaint, said allegations are denied.

55.

In responding to the allegations contained in Paragraph 55 of Plaintiff's Complaint, said allegations are denied.

56.

In responding to the allegations contained in Paragraph 56 of Plaintiff's Complaint, said allegations are denied.

57.

This Defendant denies any and all allegations contained in the WHEREFORE section of Plaintiff's Complaint.  This Defendant denies all express or implied allegations of the Plaintiff's Complaint that have not been admitted, denied, or otherwise responded to in this Answer.

WHEREFORE, Defendant Target Corporation, having answered the Plaintiff's Complaint for Damages, requests that the Court dismiss the Plaintiff's Complaint or, in the alternative, enter judgment against the Plaintiff and in favor of Defendant Target Corporation with all costs of this action being cast against the Plaintiff and for such other and further relief as this Court deems just and proper and a trial by a jury of 12 persons.

This 13th day of June, 2022.

Respectfully submitted,

HUFF, POWELL & BAILEY, LLC

*/s/ Brian K. Mathis*
BRIAN K. MATHIS
Georgia Bar No. 477026
CHRISTOPHER A. BROOKHART
Georgia Bar No.: 654466

*Counsel for Defendant Target Corporation*

999 Peachtree Street, NE,
Suite 950
Atlanta, Georgia 30309
(404) 892-4022
bmathis@huffpowellbailey.com
cbrookhart@huffpowellbailey.com

- 13 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have on this day served a true and correct copy of the within and foregoing **DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT** upon all parties or their counsel of record via Odyssey E-file and by Statutory Electronic Service to assure delivery as follows:

Michael J. Ivan
IVAN LAW FIRM, P.C.
P.O. Box 682765
Marietta, GA 30068
mivanlaw@yahoo.com

This 13th day of June, 2022.

HUFF, POWELL & BAILEY, LLC

*/s/ Brian K. Mathis*
BRIAN K. MATHIS
Georgia Bar No. 477026
CHRISTOPHER A. BROOKHART
Georgia Bar No.: 654466

*Counsel for Defendant Target Corporation*

999 Peachtree Street, NE,
Suite 950
Atlanta, Georgia 30309
(404) 892-4022
bmathis@huffpowellbailey.com
cbrookhart@huffpowellbailey.com

E-FILED IN OFFICE - AK
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-02612-S3**

**6/13/2022 4:26 PM**

**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

KEISHA SMITH,                                  )
                                               )
      Plaintiff,                      )      CIVIL ACTION NO.
                                               )      22-C-02612-S3
v.                                             )
                                               )
TARGET CORPORATION, D/B/A                      )
TARGET, a Minnesota Profit Company,            )
ABC Corporation, John Doe, a person,           )
                                               )
      Defendants.                     )
                                               )

### <u>JURY DEMAND ON BEHALF OF TARGET CORPORATION</u>

COMES NOW, Target Corporation, a Defendant in the above styled action, and pursuant to O.C.G.A. § 15-12-122(a)(2), demands a trial by a jury of twelve to be picked from a panel of twenty-four prospective jurors.

This 13th day of June, 2022.

Respectfully submitted,

HUFF, POWELL & BAILEY, LLC

*/s/ Brian K. Mathis*
BRIAN K. MATHIS
Georgia Bar No. 477026
CHRISTOPHER A. BROOKHART
Georgia Bar No.: 654466

*Counsel for Defendant Target Corporation*

999 Peachtree Street, NE,
Suite 950
Atlanta, Georgia 30309
(404) 892-4022
bmathis@huffpowellbailey.com
cbrookhart@huffpowellbailey.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have on this day served a true and correct copy of the within and foregoing JURY DEMAND ON BEHALF OF TARGET CORPORATION upon all parties or their counsel of record via Odyssey E-file and by Statutory Electronic Service to assure delivery as follows:

Michael J. Ivan
IVAN LAW FIRM, P.C.
P.O. Box 682765
Marietta, GA 30068
mivanlaw@yahoo.com

This 13th day of June, 2022.

HUFF, POWELL & BAILEY, LLC

*/s/ Brian K. Mathis*
BRIAN K. MATHIS
Georgia Bar No. 477026
CHRISTOPHER A. BROOKHART
Georgia Bar No.: 654466

*Counsel for Defendant Target Corporation*

999 Peachtree Street, NE,
Suite 950
Atlanta, Georgia 30309
(404) 892-4022
bmathis@huffpowellbailey.com
cbrookhart@huffpowellbailey.com

E-FILED IN OFFICE - AK
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
22-C-02612-S3
6/13/2022 4:26 PM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| KEISHA SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | 22-C-02612-S3 |
| v. | ) | |
| | ) | |
| TARGET CORPORATION, D/B/A | ) | |
| TARGET, a Minnesota Profit Company, | ) | |
| ABC Corporation, John Doe, a person, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>NOTICE OF REMOVAL TO DISTRICT COURT</u>

COMES NOW, Target Corporation d/b/a Target, Defendant in the above-styled action, by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332 and 1446, files this Notice of Removal to District Court.

Defendant hereby provides notice to Plaintiff that this case is being removed the United States District Court for the Northern District of Georgia, Atlanta Division, based upon diversity jurisdiction, pursuant to 28 U.S.C. § 1441.

This 13th day of June, 2022.

Respectfully submitted,

HUFF, POWELL & BAILEY, LLC

*/s/ Brian K. Mathis*
BRIAN K. MATHIS
Georgia Bar No. 477026
CHRISTOPHER A. BROOKHART
Georgia Bar No.: 654466

*Counsel for Defendant Target Corporation*

999 Peachtree Street, NE,
Suite 950
Atlanta, Georgia 30309
(404) 892-4022
bmathis@huffpowellbailey.com
cbrookhart@huffpowellbailey.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have on this day served a true and correct copy of the within and foregoing **DEFENDANT TARGET CORPORATION'S NOTICE OF REMOVAL TO DISTRICT COURT** upon all parties or their counsel of record via Odyssey E-file and by Statutory Electronic Service to assure delivery as follows:

Michael J. Ivan
IVAN LAW FIRM, P.C.
P.O. Box 682765
Marietta, GA 30068
mivanlaw@yahoo.com

This 13th day of June, 2022.

HUFF, POWELL & BAILEY, LLC

*/s/ Brian K. Mathis*
BRIAN K. MATHIS
Georgia Bar No. 477026
CHRISTOPHER A. BROOKHART
Georgia Bar No.: 654466

*Counsel for Defendant Target Corporation*

999 Peachtree Street, NE,
Suite 950
Atlanta, Georgia 30309
(404) 892-4022
bmathis@huffpowellbailey.com
cbrookhart@huffpowellbailey.com