IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KEISHA SMITH,<br>  Plaintiff,<br><br>    v.<br><br>TARGET CORPORATION, *et al.*,<br>  Defendants. | Civil Action No.<br>1:22-cv-02355-SDG |

### ORDER

This matter is before the Court on its June 20, 2023 Order to Show Cause [ECF 22] and Defendant Target Corporation's July 7, 2023 response [ECF 23]. For the reasons that follow, the case is **REMANDED**.

The Court must consider whether it has subject matter jurisdiction to hear a case, regardless of whether the issue is raised by the parties. *Arbough v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[Federal courts] have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."). Original jurisdiction of federal district courts may be based on an action arising out of the Constitution or laws of the United States (federal question jurisdiction) or diversity of citizenship of the parties (diversity jurisdiction). 28 U.S.C. §§ 1331, 1332. Defendant Target Corporation removed this

case based on diversity jurisdiction under 28 U.S.C. § 1332[1] and, as the party seeking to invoke federal diversity jurisdiction, must prove that the claim meets the threshold jurisdictional amount of $75,000 by a preponderance of the evidence. *Wineberger v. RaceTrac Petro., Inc.*, 672 F. App'x 914, 916–17 (11th Cir. 2016) (citing *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003)). Importantly, "[a] court's analysis of the amount-in-controversy requirement focuses on how much is in controversy **at the time of removal, not later**." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (emphasis added) (citations omitted).

Here, Plaintiff Keisha Smith asserts a single claim for negligence.[2] Before removal, she requested special damages for past medical expenses totaling $11,015.97, and she "reserve[d] the right to supplement additional damages, including medical expenses and lost wages . . . yet to be determined."[3] Accordingly, Target's conclusory allegation in its notice of removal that the amount in controversy is satisfied appears to depend on Plaintiff's pre-suit

---

1   ECF 1, at 1.
2   *See generally* ECF 1-1.
3   *Id.* ¶¶ 53–55.

demand for $80,000.[4] However, Smith's pre-suit settlement demand letter does not establish, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.

When, as here, the settlement demand predates the Complaint, some courts in this Circuit have declined to give the demand any weight for determining whether the removing party has satisfied its evidentiary burden to plead the requisite amount in controversy for diversity jurisdiction. *See, e.g.*, *Saberton v. Sears Roebuck & Co.*, 392 F. Supp. 2d 1358, 1360 (M.D. Fla. 2005) ("Although case law permits the use of post-suit demand letters in determining the amount in controversy requirement; Defendant[']s pre-suit settlement demand letter will not be considered as 'other paper' for the purpose of satisfying the amount in controversy requirement."). Other courts have not entirely disregarded the pre-suit demand, but rather have examined whether the demand "sets forth specific information . . . to support [a plaintiff's] claim for damages such that it appears she is offering a reasonable assessment of the value of her claim." *Maisonneuve v. Quiktrip Corp.*, 2015 WL 12645741, at *1 (N.D. Ga. Oct. 20, 2015) (cleaned up).

---

4   ECF 1, ¶¶ 11–12.

Apart from her calculation of special damages totaling approximately $11,000, there is no information in Smith's pre-suit demand that is sufficiently specific so that the Court can determine whether $80,000 is a reasonable assessment of the value of her negligence claim as opposed to mere posturing for settlement purposes.[5] *Cf. id.* ("[A]lthough the medical procedures set forth in Plaintiff's demand may eventually drive the amount in controversy beyond the $75,000 mark, the Court has no way to determine the likelihood of that actually occurring."). And while Smith can amend her request for damages in her pleadings—and, in fact, did so with Target's apparent consent[6] in response to the Court's Order to Show Cause[7]—a later allegation of additional damages accrued after removal cannot confer subject matter jurisdiction.

As with Smith's amended pleading, Target's response to the Court's Order to Show Cause offers allegations of post-removal damages. Target concedes:

---

[5]   ECF 1-4, at 3.

[6]   While Smith does not indicate that Target consented to the amendment, the amendment pertains only to the jurisdictional facts underpinning the amount in controversy. Target's response to the Court's Order to Show Cause demonstrates that it agrees with these new facts, *see* ECF 24, so the Court accepts that Target consents to the amendment. *See* Fed. R. Civ. P. 15(a)(2). Ordinarily, the Court would consider the amendment; however, for the reasons set forth in this Order, the Court is without jurisdiction to do so.

[7]   ECF 24.

> Originally, the special damages in this case were, as the Court noted in its Order, $11,015.97. Since that time, however, the damages in this case have increased to include a claim for lost wages in the amount of $38,233.63, bringing the total special damages to $49,249.60.[8]

Because the newly-alleged damages accrued after the time of removal, the Court cannot consider them. Even if the Court could consider them, they do not meet the threshold jurisdictional amount of $75,000 or—considering the scant facts in the pre-suit demand letter—tend to prove that amount is in controversy by a preponderance of the evidence. *Wineberger v. RaceTrac Petro., Inc.*, 672 F. App'x 914, 916–17 (11th Cir. 2016) (citing *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003)). Target therefore has failed to support its assertion of jurisdiction by a preponderance of the evidence, and the Court does not have subject matter jurisdiction over this case.

---

[8] ECF 23, at 2.

The Clerk is **DIRECTED** to **REMAND** the case to the State Court of Gwinnett County.

**SO ORDERED** this 11th day of September, 2023.

                                                Steven D. Grimberg
                                United States District Court Judge